UNITED STATES DISTRICT COURT
DISTRICT OF WISCONSIN
COURT FILE NO.: 16-cv- 242

| | |
|---|---|
| Matthew Stone<br><br>Kimberly Stone<br><br>        Plaintiffs,<br>v.<br><br>Planet Home Lending, LLC<br><br>        Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant Planet Home Lending's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Defendant Planet Home Lending's Negligent Training and/or Supervision of its agents in its illegal effort to collect a consumer debt from Plaintiffs.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant Planet Home Lending, LLC and its employees transact business here.

## PARTIES

4. Plaintiff Matthew Stone is a natural person who resides in the City of Hayward, County of Sawyer, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Plaintiff Kimberly Stone is a natural person who resides in the City of Hayward, County of Sawyer, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

6. Defendant Specialized Planet Home Lending, LLC (hereinafter "Defendant PHL") is a business operating from an address of 321 Research Pkwy Ste 303, Meriden, CT 06450, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Upon information and belief, an unknown Defendant (hereinafter "Defendant Employee") is a natural person who was employed at all times relevant herein by Defendant PHL as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs, incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal mortgage debt with Diamond Residential Mortgage Corp.("DRM"), in the approximate amount of $ 144,777.00. This will hereinafter be referred to as the "debt". (Ex. A7-14)

9. Subsequently DRM assigned the debt to Selene Finance LP ("Selene") in June 2013. (Ex. A16-17)

10. Selene then assigned the debt to Defendant PHL around the end of June 2014. (Ex. A18)

11. On October 15, 2015, Defendant PHL sent to Plaintiffs a billing statement indicating that the Plaintiffs monthly payment was $1,015.48/mo and that Plaintiffs were $17,612.51 past due. (Ex. B1-3)

12. Upon information provided by Defendant PHL, Plaintiffs were not current on said debt at the time Defendant PHL was assigned the debt.

13. On September 4, 2014, Plaintiffs filed Western District of Wisconsin Bankruptcy Case No. 14-bk-13838. Plaintiffs were represented by Attorney Matthew C. Lein during the pendency of the Plaintiffs' bankruptcy.

14. After receiving notice of the bankruptcy filing, on September 25, 2014, Defendant PHL, through its attorney, filed an initial proof of claim in Western District of Wisconsin Bankruptcy Case No. 14-bk-13838. Eventually, Defendant PHL through their attorney filed two more amended proofs of claim concerning the debt. Defendants proof of claim further indicated that the arrearages owed by the Plaintiffs to PHL $15,643,86. (Ex. A1-18)

15. Plaintiffs' bankruptcy was dismissed in December 2015.

16. On or about June 5, 2015, Defendant sent to Plaintiffs a home mortgage modification packet which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). (Ex. C)

17. All of the above-described collection attempts made by Defendant PHL, were made in violation of the above noted provision of the FDCPA, including but not limited to 15 U.S.C. §§1692e(11).

## TRIAL BY JURY

18. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSE(S) OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

19. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of the Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

21. As a result of each Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against each Defendant:

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiffs;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiffs;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiffs;

4. For such other and further relief as may be just and proper.

                Respectfully submitted,

Dated:  April 9, 2016        **Lein Law Offices**

        By:  **s/Matthew C. Lein**
        Matthew C. Lein
        Attorney I.D.#1084028
        15692 Hwy 63 North
        PO Box 761
        Hayward, Wisconsin 54843
        Telephone:  (715) 634-4273
        Facsimile: (715) 634-5051
        mlein@leinlawoffices.com

MCL/ml        **Attorney for Plaintiffs**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN        )
                          ) ss
COUNTY OF SAWYER          )

Pursuant to 28 U.S.C. § 1746, Plaintiffs, Matthew and Kimberly Stone, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. We are the Plaintiffs in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. We have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit we have provided to our attorney, which have been attached to this Complaint, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by our attorney where appropriate, we have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   April 9, 2016

_____
Matthew Stone

_____
Kimberly Stone